**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-01048-WDM-CBS

KALIE McARTHUR, a mentally disabled person,
by and through her parents and legal guardians,
JAMES McARTHUR and
CINDY STARR

      Plaintiff,

v.

ACADEMY SCHOOL DISTRICT TWENTY;
BOARD OF EDUCATION OF ACADEMY SCHOOL DISTRICT TWENTY;
GIL BIERMAN, individually and in his official capacity as principal of Rampart High School
in Academy School District Twenty;
EMILY SZWARC, individually and in her official capacity as a special education teacher for
Academy School District Twenty;
LORI WRIGHT, individually and in her official capacity as a para-professional for Academy
School District Twenty; and
DOES 1 THROUGH 10, who are unknown persons,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

The parties hereto, by and through their respective counsel, hereby stipulate as follows:

1.     The term "Confidential Information" shall mean and include any and all documents, information or other materials which are designated in good faith as confidential at the time of their production or disclosure in this action, including any subsequently prepared notes, memoranda or other similar documents relating thereto, and any previously produced materials inadvertently not so designated. A party receiving information designated as Confidential Information retains the right to challenge or object to the confidential designation at

any time.  In that event, the designating party shall have the burden of demonstrating to the Court that the subject documents are entitled to confidentiality.

    2.    The following persons may have access to Confidential Information in this action:

        a.    The parties, their employees, and their agents;

        b.    Counsel for the parties, including their in-house counsel, if any, who are not involved in management of business affairs of their company;

        c.    Expert witnesses retained by counsel for the parties;

        d.    The adjusters of any insurance company providing a defense to any of the parties and any insurance company who may have a duty to indemnify any of the parties;

        e.    Court personnel and stenographic reporters engaged in proceedings incident to preparation for trial or trial;

        f.    Clerical personnel and paralegal assistants employed by counsel for the parties; and

        g.    Such other persons as may hereafter be qualified to receive Confidential Information in this action pursuant to the provisions of Paragraph 3 of this Protective Order.

    3.    Confidential Information shall be used only in connection with this lawsuit, and for no other purpose whatsoever.

    4.    Confidential Information shall not include any document, information or other material which:

        a.    was lawfully in the possession of the receiving party prior to production;

      b.    is, at the time of disclosure, in the public domain by publication or otherwise;

      c.    the disclosing party, at the time of disclosure, intends to make part of the public domain;

      d.    has been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the receiving party;

      e.    is made available to a party by a third party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.

5.    Any person not a party to this action or attorney for that party, prior to receiving Confidential Information under Paragraph 2, shall be furnished with a copy of this Protective Order and shall acknowledge in writing with the form attached hereto as **Exhibit A** that he or she has read it, understands it, and agrees to be bound by it.  Acknowledgment is an express agreement to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to such Confidential Information or to this Protective Order, including any proceeding relating to the enforcement of the Protective Order.

6.    If Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party and make every effort to prevent further disclosure.

7. Any person in possession of Confidential Information shall exercise reasonable and appropriate care with regard to the storage, custody or use of Confidential Information in order to ensure that the confidential nature of the same is maintained.

8. Any pleading, paper or other document filed in this action which contains or discloses Confidential Information shall be filed under seal in an envelope or other container with a label identifying this action and the title or nature of the enclosed material, and indicating that the material is Confidential Information, for use by the Court only, and to be maintained under seal pursuant to the terms of this Protective Order.

9. When Confidential Information is discussed, quoted or referred to in any deposition, hearing, trial or other proceeding, the disclosing party shall take reasonable precautions to ensure that only persons qualified to have access pursuant to this Protective Order are present.

10. When Confidential Information is incorporated in a transcript of a deposition, hearing, trial or other proceeding, the disclosing party shall arrange with the reporter to preserve the confidentiality of such information.

11. Information disclosed at a deposition may be designated as Confidential Information by any party to this action by indicating on the record at the deposition that the testimony is Confidential Information, or by notifying the opposing party in writing within three (3) business days of the receipt of the transcript of those pages and lines that are Confidential Information. Information disclosed at a deposition that is not designated as Confidential Information under the procedure set forth above shall not thereafter be designated as Confidential Information. If a party desires to use designated Confidential Information as an exhibit before or during a deposition for the purpose of review and/or testimony by a deponent

who has not performed the obligations contained in Paragraph 6 of this Protective Order, the deponent shall be made aware of and must agree to those terms on the record prior to reviewing such Confidential Information.

12. This Protective Order is not intended to resolve any discovery objections on the grounds of attorney-client privilege or work product, nor is it intended to resolve the admissibility of any materials covered by this Protective Order.

13. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying generally upon his or her examination of documents or information designated Confidential Information provided, however, that in rendering such advice and in otherwise communicating with his or her clients, the attorney shall not disclose the content or the source of such information or documents contrary to the terms of this Protective Order.

14. The provisions of this Protective Order shall also apply to documents, things, information and deposition testimony produced by third parties in discovery in this action. Said third parties shall designate their documents, things, information and deposition testimony in accordance with the provisions of this Protective Order.

15. Nothing in this Protective Order shall bar or otherwise prevent disclosure of documents, materials or information if, despite the fact that a party has designated the same as Confidential Information, the disclosing party subsequently consents to such disclosure in writing.

16. Each party and each attorney for a party agrees to act reasonably and in good faith in designating documents, materials or information as Confidential Information and agree to be bound by the terms of this Stipulated Protective Order and the Court's Order.

17. If any party receiving documents, materials or information designated as Confidential Information disputes the designation on any grounds, it shall first inform counsel for the disclosing party in writing of its disagreement with the designation and specific grounds for such a disagreement. The parties shall act reasonably and in good faith in attempting to resolve such a dispute. The Court retains jurisdiction to resolve any disputes arising under the terms of this Protective Order.  The receiving party shall not disclose the disputed documents, materials or information to any person not permitted to have access until the dispute has been resolved between the parties in dispute or ruled upon by the Court.

18. The obligations of this Protective Order shall survive the termination of the action and continue to bind the parties and any non-party acknowledging these terms pursuant to Paragraph 6 of this Protective Order.

DATED at Denver, Colorado, this 7th day of August, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED:

WEEKS & LUCHETTA, LLP


s/ JEFFREY L. WEEKS
Jeffrey Lenn Weeks, Esq.
102 South Tejon, #910
Colorado Springs, Colorado 80903
*Attorney for Plaintiff*


TREECE, ALFREY, MUSAT & BOSWORTH, P.C.


s/ FRANCINE M. GUESNIER
Thomas N. Alfrey, Esq.
Francine M. Guesnier, Esq.
999 18th Street, Suite 1600
Denver, Colorado 80202
*Attorneys for Academy School District Twenty, Board of Education of Academy School District Twenty, Gil Bierman, and Lori Wright*


MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP


s/ ALICE Q. HOSLEY
John Cardinal Parks, Esq.
Alice Quinn Hosley, Esq.
1700 Broadway, Suite 1900
Denver, Colorado 80290
*Attorneys for Defendant Emily Szwarc*

## EXHIBIT A

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

By my signature, I hereby acknowledge that I have read the Stipulated Protective Order ("Protective Order") entered in *McArthur v. Academy School District Twenty, et al.,* Case No. 06-cv-01048-WDM-CBS, United States District Court for the District of Colorado, and hereby agree to be bound by its terms. I agree not to disclose to anyone any Confidential Information, as defined in that Protective Order or any information revealing the contents of such Confidential Information, except as provided for in the Protective Order. To the extent that I or my employees are provided with Confidential Information, I agree to instruct my employees regarding the terms of the Protective Order and to ensure that they do not disclose confidential information contained in such Confidential Information, except as provided for in the Protective Order. I agree to return or destroy Confidential Information at the conclusion of this litigation. I also agree that I will not use the Confidential Information for any purpose other than the preparation and trial of this case. I specifically agree not to use Confidential Information for any competitive or commercial purpose whatsoever.

_____

Name (print): _____