## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01048-WDM-CBS

KALIE McARTHUR , a mentally disabled person,
by and through her parents and legal guardians,
JAMES McARTHUR and
CINDY STARR

       Plaintiff,

v.

ACADEMY SCHOOL DISTRICT TWENTY;
BOARD OF EDUCATION OF ACADEMY SCHOOL DISTRICT TWENTY;
EMILY SZWARC, individually and in her official capacity as a special education teacher for
Academy School District Twenty;
LORI WRIGHT, individually and in her official capacity as a para-professional for Academy
School District Twenty; and
DOES 1 THROUGH 10, who are unknown persons,

       Defendants.

## PROTECTIVE ORDER RE: DISCLOSURE OF CERTAIN STUDENT INFORMATION

On January 22, 2007, the Court held a telephonic Conference in the above matter, with

attorneys for all parties participating.  During the Conference, Plaintiff requested that the School

District Defendants be compelled to produce the addresses and telephone numbers of present or

former students, Robert J. Jenista, Clayton M. Kellogg, Mark Hrdlichka and Aaron Bowen and

the names and contact information for their parents.  In the conference, Plaintiff and Defendants

agreed that each of these students acted as field trainers for developmentally disabled students

during 2004-2005 at Rampart High School.  The School District Defendants advised the Court

that they concede that discovery by deposition of information these students may have would be

permissible under F.R.C.P. 26 but for the provisions of C.R.S. § 24-72-204 (3)(a)(VI) which

prohibits the School District from disclosing the names and addresses of these students.  Further, the School District contended that even if disclosure was ordered by the Court that 20 U.S.C.A. 1232(g)(b)(2) would prohibit disclosure for a reasonable period time to permit the School District to give notification to the Parents and Students of the Courts Order in order to provide the Parents or Students time to seek relief of Court to prohibit the disclosure.

The Court having considered the positions of the parties does hereby FIND:

1.  C.R.S. § 24-72-204(3)(e)(1) permits the Court to order disclosure of the requested information; however, prior to any such disclosure the requirements of 20 U.S.C.A. 1232(g)(b)(2) must be met; and,

2.  Once the Students' addresses and telephone numbers and the names of their parents and their contact information have been disclosed, the parties must limit dissemination of this information only to the attorneys involved in this case and the attorneys' staff.

The Court does hereby ORDER;

1.  The School District shall immediately notify the above identified Students and their Parents, by Certified and Regular Mail, that the Court has Ordered disclosure of their names, address and telephone number pursuant to a Protective Order; and,

2.  The notification shall advise the Student and his Parents of the following:

a.  The Court has ordered the School District to disclose the their names, address and telephone number to the Plaintiff's attorney on February 6, 2007; and,

b.  The Court has ordered that once the disclosure has been made that the attorneys who obtain this information shall not disseminate this information to any person other than a member of that attorney's staff; and,

-2-

c.      The Parent or Student has the right to file an Objection to Disclosure with the Court setting forth the reasons why the Parent or Student believe such disclosures should not be made.

The Court further ORDERS:

Counsel for the School District shall disclose the requested information to plaintiff's counsel by February 6, 2007, for any Parent or Student who has not filed an Objection to Disclosure with the Court.  If any Student or Parent files an Objection with the Court, the Court will advise the Parties of such objection, without disclosing the identity of the Student or Parent, and take such action as is appropriate to rule on the Objection.

Once the requested information has been disclosed, the attorneys for the parties shall not disseminate this information to any person other than members of that attorneys staff.

Signed this 25th day of January 2007.

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge